IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 21, 2012 Session

IN RE ESTATE OF DANA RUTH JOHNSON GREGORY

Appeal from the Chancery Court for Anderson County
No. 10PB0096     William E. Lantrip, Chancellor

No. E2011-01369-COA-R3-CV-FILED-JUNE 29, 2012

The executor of the estate of Dana Ruth Johnson Gregory waited approximately 14 months
after her death before seeking to open her estate. The Bureau of TennCare filed a claim
approximately four months later, shortly after receiving the executor's notice of the death and
the opening of the estate. The executor objected to the claim as untimely under the statute
of limitations applicable to claims by the state. The trial court rejected the objection and held
that the claim was valid. The executor appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which HERSCHEL P.
FRANKS, P.J., and NORMA MCGEE OGLE, SP.J., joined.

Monica J. Franklin and Brooke Givens, Knoxville, Tennessee, for the appellant, David
Harding Gregory, executor of the estate of Dana Ruth Johnson Gregory.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General;
and L. Vincent Williams and Richard Clippard, Assistant Attorneys General, Nashville,
Tennessee, for the appellee, Tennessee Bureau of TennCare.

**OPINION**

I.

Dana Ruth Johnson Gregory died on February 26, 2009. She had received medical
assistance benefits from TennCare prior to her death. Her son was named the executor in her
will. He waited slightly over a year, until April 13, 2010, to open the estate. On July 20,
2010, the executor requested a release of any claim for recovery from the Bureau. The

request form informed the Bureau of the date of death and the date the probate estate was opened.

On August 26, 2010, the Bureau filed a claim in the amount of $61,682.22 seeking reimbursement for medical services rendered to the deceased. The executor filed an objection to the claim asking that it be dismissed as barred by the one-year statute of limitations found at Tenn. Code Ann. § 30-2-310 (2007). The executor quoted subsection (b) of the statute, which provides that

> all claims and demands not filed by the state with the probate court clerk, as required by §§ 30-2-306 – 30-2-309, or, if later, in which suit has not been brought or revived before the end of twelve (12) months from the date of death of the decedent, shall be forever barred. This statute of limitations shall not apply to claims for state taxes. . . .

The Bureau filed a response stating that the claim should be treated as timely under the authority of *In re Estate of Tanner*, 295 S.W.3d 610 (Tenn. 2009).

The *Tanner* opinion examined the issue of whether a personal representative's failure to "actively seek" a release or waiver of claim from the Bureau pursuant to Tenn. Code Ann. § 71-5-116(c)(2) (Supp. 2011) prevents the statute of limitations from running against a claim for reimbursement of TennCare benefits. *Id*. at 612. In *Tanner*, the Supreme Court held as follows:

> Section 30-2-310(b) creates a general one-year statute of limitations on state claims against an estate, except claims for taxes. Section 71-5-116(c), however, imposes a duty on the representative of an estate to actively seek a release or waiver of any "medical assistance correctly paid," 42 U.S.C. § 1396(p), owed under the TennCare program. Because Mr. Tanner did not do so, and no waiver or release has issued, the Bureau was empowered under the terms of the applicable statute, as then written, to file the claim beyond the one-year period of limitation. At least until the first day of January, 2007, when the most recent amendment took effect, claims by the Bureau were not subject to a one-year statute of limitations, regardless of whether it received a notice to creditors. . . .

*Id*. at 630.

The trial court in the case under review denied the executor's objection and declared TennCare's claim to be valid. The executor filed a timely notice of appeal.

## II.

.       The sole issue on appeal is

> [w]hether the Bureau . . . is barred from filing a claim in the probate estate of a TennCare recipient more than one year following the date of death (February 26, 2009) based on the statute of limitations contained in Tenn. Code Ann. § 30-2-310.

## III.

The facts in this case are undisputed. The determination of whether the statute of limitations bars the claim is altogether a question of statutory interpretation. Our review is, therefore, de novo with no presumption that the trial court decided the issue correctly. *Tanner*, 295 S.W.3d at 613.

## IV.

The executor argues in this appeal that *Tanner* was carefully limited to the statutory scheme in effect in 2004, when the decedent in the *Tanner* case died, and that statutory changes, which became effective on January 1, 2007,[1] change the result in this case. Specifically, the executor points out that

> Tenn. Code Ann. § 71-5-116(d)(1)(D) was amended January 1, 2007 to provide:
>
> > Personal representatives of decedents shall provide the notice to creditors specified in § 30-2-306 to the [Bureau] . . ., if the decedent was a TennCare recipient. If a notice to creditors is provided to the [B]ureau, the [B]ureau shall file a claim for recovery in accordance with the requirements of title 30, chapter 2, part 3.

---

[1]The referenced "statutory changes" were enacted in 2006. We will hereinafter refer to them as the "2007 amendment" since they became effective on January 1, 2007.

The executor further asserts that "[t]he legislature made it clear with the 2007 amendment to Tenn. Code Ann. § 71-5-116(d)(1)(D) that the one year statute of limitations found in the probate code applies to the Bureau . . . ." The executor also correctly points out that § 71-5-116(d)(2), which became effective January 1, 2007, states: "It is the legislative intent of subdivision (d)(1) that, after the date of death, the [B]ureau . . . strive vigorously to recoup any TennCare funds expended for a decedent during the decedent's lifetime." The executor argues that all these changes indicate the legislature placed the ultimate burden on the Bureau to recoup any funds expended on TennCare recipients, regardless of actions taken or not taken by the personal representative.

Some of the points the executor makes are valid; however, we do not agree that they change the result from that reached in *Tanner*. The executor points out that "[t]he [S]upreme [C]ourt was very clear throughout its opinion to distinguish *Tanner* from post-January 1, 2007 cases." This is a valid point. Numerous times the Court mentioned the 2007 amendment and it tied its holding to the statutes in effect at the time of the decedent's death.[2] Nevertheless, the Court in *Tanner* did not indicate in its opinion that the its limiting language was the result of anything other than avoiding an advisory opinion. To the contrary, the *Tanner* Court treated the 2007 amendment, that became effective January 1, 2007, as providing "helpful context for the purposes of this case." *Id*. at 616. At another point, the Court stated, "although we recognize the limits of the interpretive value of post-enactment statements and events, the [2007] amendment and the related proceedings of the General Assembly provide some limited additional context *in support of the Bureau's position*." *Id*. at 628 (emphasis added).

More importantly, the addition of subsection (d)(1)(D) of Tenn. Code Ann. § 71-5-116 does not impact the reasons given in the *Tanner* case for finding that Tenn. Code Ann. § 71-5-116(c) overrides the statute of limitations for TennCare reimbursement claims. First, "an interpretation that favors the Bureau's ability to recover medical benefits more faithfully advances the serious policy considerations that motivated the General Assembly to enact the waiver and release provisions of section 71-5-116." *Id*. at 627. Second, "when there is an ambiguity as to whether a claim by the state has been made subject to a statute of limitations, the relevant statutes must be construed in a manner favorable to recovery." *Id*. "Finally, the legislative history and context of the statute support the interpretation . . . that the waiver and

---

[2]*See, e.g., Tanner*, 295 S.W.3d at 615 (mentioning 2007 amendment to Tenn. Code Ann. § 71-5-116); *see id*. at 622 ("[Tenn. Code Ann. §] 71-5-116, as it existed at the time of Ms. Tanner's death"); *see id*. at 623 ("at the time of Ms. Tanner's death, [Tenn. Code Ann. §] 72-5-116(c)(2) provided that . . ."); and *see id*. at 630 ("[T]he Bureau was empowered under the terms of the applicable statute, as then written, to file the claim beyond the one-year period of limitation.").

release provisions were intended to assure recovery in the event that the Bureau did not actively pursue the claim." *Id*. at 628.

Furthermore, we are in disagreement with the basic premise of the executor's argument which is that the "notice" obligation of the personal representative in the first sentence of subsection (d)(1)(D) of Tenn. Code Ann. § 71-5-116 eliminates any excuse of the Bureau for not filing a claim pursuant to the second sentence of subsection (d)(1)(D). The fallacy of that argument in shown by the facts of the case before us. The executor did not open the estate until more than one year from the date of death. The executor did not provide any notice to the Bureau of the death or of the filing of the estate until July of 2010, approximately 17 months after the death. By that time, the notice was useless if the intent of the legislature was that the notice would trigger the filing of a claim within one year of the death. The executor contends that the notice requirement of subsection (d)(1)(D) is excused by the language of Tenn. Code Ann. § 30-2-306(e) (Supp. 2011) which states:

> The [notice to creditors] requirement . . . shall not apply if the letters testamentary or of administration are issued more than one (1) year from the decedent's date of death.

Even if that is true, what we are left with in this circumstance is the exact scenario that the Supreme Court faced in *Tanner* – a personal representative that attempted to circumvent the TennCare claim by waiting until more than one year after the Deceased's death to seek to open the estate and give notice of the death. The farthest the High Court was willing to go in *Tanner*, with regard to the 2007 statutory amendments, was that the amendments establish "that the Bureau must, in at least some situations, comply with the title 30 claim filing process." *Id*. at 628. For all the reasons stated in *Tanner*, we cannot believe that the General Assembly intended those "situations" would include a fact pattern like the present. The effect of giving the statute of limitations effect without notice from the personal representative within one year of the death would be to reward the estate for failing to give the intended notice in a manner that would facilitate the filing of a claim, while penalizing the Bureau for failing to act despite the lack of notice. We understand that the Bureau is supposed to receive notice of the death from the department of health pursuant to Tenn. Code Ann. § 71-5-116(d)(1)(A), but that was also true in *Tanner*. *See Tanner*, 295 S.W. 3d at 615 (quoting same requirement in version of statute in effect before January 1, 2007).

The executor seems to argue also that any reservations expressed in *Tanner* have now become the law since the legislature has met more than once after the *Tanner* decision and has not changed the amendment upon which the executor relies. This argument cuts both ways, and we believe the final cut is more in favor of the Bureau. The basic "waiver and

release" provision that forms the basis of the ***Tanner*** decision remains in Tenn. Code Ann. § 71-5-116(c)(2), which states:

> Before any probate estate may be closed pursuant to title 30, with respect to a decedent who, at the time of death, was enrolled in the TennCare program, the personal representative of the estate shall file with the clerk of the court exercising probate jurisdiction a release from the [B]ureau of TennCare evidencing either:
>
> (A) Payment of all medical assistance benefits, premiums, or other costs due from the estate under law;
>
> (B) Waiver of the [B]ureau's claims; or
>
> (C) A statement from the [B]ureau that no amount is due.

In other words, the legislature knew this language was being read to imply an exception to the statute of limitations and left it intact. Moreover, subsection (d)(1) of Tenn. Code Ann. § 71-5-116, upon part of which the executor relies, states that its purpose is to "facilitate and enhance compliance with subsection (c)" – the "waiver and release" requirement upon which the ***Tanner*** holding rests.

For the reasons we have stated above, we hold that, under the undisputed facts of this case, the January 2007 amendment to Tenn. Code Ann. § 71-5-116 does not change the applicability of ***Tanner***. The executor, having waited more than one year from the death of Ms. Gregory to open the estate and give notice of the death, cannot now invoke the notice and claim requirements of § 71-5-116(d)(1)(D) as a reason for strictly holding the Bureau to the statute of limitations. The executor's failure to obtain a waiver or release from the Bureau prevented the statute of limitations found in Tenn. Code Ann. § 30-2-310 from running. We state no opinion as to the result had the executor filed the estate shortly after the death and given notice to the Bureau in time to facilitate it filing a claim within a year of the death.

V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, David Harding Gregory, personal representative of the estate of Dana Ruth Johnson Gregory. This case is remanded, pursuant to applicable law, for further proceedings consistent with this opinion.

-6-

_____
CHARLES D. SUSANO, JR., JUDGE